**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

Jean Emmanuel Rodriguez,　　　　　:
　　　　　　　　　　　　　　　　　： Civil Action No. 19-16020 (RMB)
　　　Plaintiff,　　　　　　　　　：
　　　　　　　　　　　　　　　　　：
　　v.　　　　　　　　　　　　　　：　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　：
State of New Jersey *et al.*,　　：
　　　　　　　　　　　　　　　　　：
　　　Defendants.　　　　　　　　：

Plaintiff, a pretrial detainee confined at Atlantic County Justice Facility when he filed the instant civil rights complaint, submitted to this Court an application to proceed without prepayment of fees ("*in forma pauperis*" *or* "IFP") pursuant to 28 U.S.C. § 1915. (Compl., ECF No. 1; IFP App., ECF No. 1-1.)

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A dismissal based on immunity under § 1915(e)(2)(B)(ii) is a strike, under the "3 strikes" provision of § 1915(g), only if the

dismissal is with prejudice and the "'court explicitly and correctly concludes that the complaint reveals the immunity defense on its face.'" Millhouse v. Heath, 866 F.3d 152, 161 (3d Cir. 2017) (quoting Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013)); McDeavitt v. McCarthy, 767 F. App'x 365, 367 (3d Cir. 2019) (citing Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002) ("[a] District Court may dismiss a complaint *sua sponte* on the immunity grounds of § 1915(e)(2)(B)(iii) when it is clear on the face of the complaint that a party is immune from suit.")

Plaintiff was a prisoner in Atlantic County Justice Facility when he sought to bring this civil action under 28 U.S.C. § 1915. (Compl., ECF No. 1; IFP App, ECF No. 1-1.) The three strikes provision in § 1915(g) is applicable where the plaintiff was a prisoner when he filed his complaint with an IFP application. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2011) (holding § 1915(g) provides that a prisoner who has three strikes is not permitted to file his complaint *in forma pauperis* "unless he is, at that time, under imminent danger.")

Plaintiff has at least five strikes under § 1915(g). Plaintiff acquired the strikes in the following cases: Rodriguez v. Sandson *et al.*, 13cv7055(RMB) (D.N.J. Dec. 12, 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice based on immunity and failure to state a claim); Rodriguez v. Sandson *et al.*, 13cv7056(RMB) (D.N.J. Dec. 12, 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice

2

based on immunity and failure to state a claim); Rodriguez v. Morse et al., 13cv7057(RMB) (D.N.J. Dec. 12, 2013) (dismissing case with prejudice based on statute of limitations, immunity, and failure to state a claim); and Rodriguez v. DeLury et al., 13cv7058(RMB) (dismissing case with prejudice based on immunity)[1] Rodriguez v. The State of Florida, *et al.*, 18-12448(JBS-KMW) (D.N.J. Nov. 2, 2018) (dismissing case with prejudice based on sovereign immunity). In each of these dismissed cases, immunity was clear on the face of the complaint, the only document that was before the court upon screening under 28 U.S.C. 1915(e)(2)(B).

Plaintiff alleges that for the past thirteen years the State of New Jersey, its municipalities, agencies, employees and its prosecutors, judges, courts and the "Bar Association" have been conspiring to profit from his imprisonment on false charges and denying him his state and federal constitutional rights. (Compl., ECF No. 1, ¶4.) As to the Atlantic County Justice Facility, Plaintiff alleges

> [t]he Facility uses it ventilation system to incubate germs by fluxuating [sic] between warm and cold temperatures in order to make inmates sick. They make the inmates pay for medical treatment after they expose the inmate to germs. They force the inmate into debt by charging the inmate for their own confinement, legal mail, and legal resources. The Facility

---

[1] See Rodriguez v. New Jersey, 13cv4101(RMB) *et al.*, 2013 WL 6528774, at *9 (D.N.J. Dec. 12, 2013) (dismissing four complaints with prejudice).

3

> conspires with the Atlantic County Prosecutor, the Superior Court, and the Public Defender by making the detention expensive and unpleasant. The Facility allows Keefe Commissary to charge twice as much as it charges in other facilities to punish inmates and to profit off the little comfort inmates have.

(Compl., ECF No. 1 at 11.)

The Court finds that Plaintiff's complaint does not establish that he is in imminent danger of serious physical injury.

**IT IS** therefore on this **22nd** day of **October 2019**,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 1-1) is **DENIED** without prejudice pursuant to 28 U.S.C. § 1915(g); and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013)(describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011)("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court within thirty days of the date of this Order,

4

in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; Plaintiff's writing shall include either (1) $400, which includes the $350 filing fee plus the $50 administrative fee; or (2) a writing explaining why Plaintiff should be allowed to proceed *in forma pauperis* despite his three strikes under 28 U.S.C. § 1915(g); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and receipt of either the filing fee or a writing establishing that Plaintiff should be allowed to proceed *in forma pauperis* despite having three strikes under 28 § 1915(g), the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**
